Filed 1/16/24  P. v. Burnett CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099039 |
| Plaintiff and Respondent, | (Super. Ct. No. 96F05901) |
| v. | |
| CARLOS RAMARO BURNETT, | |
| Defendant and Appellant. | |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Delgadillo* (2022) 14 Cal.5th 216.

FACTS AND HISTORY OF THE PROCEEDINGS

On April 10, 1997, a jury found defendant Carlos Ramaro Burnett guilty of first degree murder and attempted murder after he and a codefendant shot and killed the victim in a gang-related incident.  (*People v. Burnett* (June 30, 1998, C026520) [nonpub. opn.].)  The jury also found true allegations that defendant personally used a firearm in

1

the commission of both crimes and intentionally killed the victim by discharging a firearm from a motor vehicle. (*Ibid*.) We affirmed the convictions in an unpublished decision in 1998. (*Ibid*.)

After the passage of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015), defendant sought resentencing under former Penal Code section 1170.95. (Former section 1170.95 has since been renumbered section 1172.6, with no change in text, we will cite to the current section 1172.6 [see stats. 2022, ch. 58, § 10]; statutory section citations that follow are found in the Penal Code unless otherwise stated.) On September 8, 2021, defendant filed his first section 1172.6 petition for resentencing. On March 10, 2022, defendant filed his second section 1172.6 petition for resentencing asserting factual innocence. This petition was stayed in light of the appeal of defendant's first section 1172.6 petition. Defendant then filed a third petition for resentencing on April 5, 2023. The People moved to dismiss the third petition without prejudice on the grounds that it encompassed the same subject matter as defendant's two other pending petitions that were not yet final. On June 7, 2023, the trial court dismissed this third petition as requested. Defendant appealed.

Defendant's appellate counsel filed a brief under *Wende* and *Delgadillo* requesting this court exercise its discretion to independently review the record for error.

On December 2, 2023, appellate counsel wrote defendant, explaining he would be filing a *Delgadillo* brief, and if defendant failed to file a propria persona supplemental brief, his appeal would likely be dismissed.

On December 4, 2023, this court sent a letter notifying defendant: 1) his counsel filed an appellate brief stating his review of the record did not identify any arguable issues; 2) as a case arising from an order denying postconviction relief, defendant was not constitutionally entitled to counsel or to an independent review of the record; and 3) in accordance with the procedures set forth in *Delgadillo*, defendant had 30 days to file a supplemental brief or letter raising any argument he wanted this court to consider. In

2

addition, we reiterated if this court did not receive a letter or brief within that 30-day period, his appeal may be dismissed as abandoned.

On December 13, 2023, defendant filed a supplemental brief arguing the trial court erred because there is no statutory "provision indicating that a jury's prior special circumstance true finding or a court of appeal's affirmation there of [*sic*], operates as an automatic statutory bar to eligibility."

## DISCUSSION

Senate Bill No. 1437 (2017-2018 Reg. Sess.) was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Senate Bill No. 1437 also added former section 1170.95 (now section 1172.6), which allows "those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief . . . ." (*People v. Gentile* (2020) 10 Cal.5th 830, 843.) Section 1172.6, subdivisions (b) and (c) create a two-step process for evaluating a petitioner's eligibility for relief. (*People v. Lewis* (2021) 11 Cal.5th 952, 960-962.) First, the trial court must determine whether the petition is facially sufficient under section 1172.6, subdivision (b). (*Lewis*, at p. 960.) If the petition is facially sufficient, the court follows subdivision (c), appointing counsel (if requested) and following the briefing schedule set forth in the statute. (*Lewis*, at p. 966.) Following the completion of this briefing, the court determines whether petitioners have made a prima facie showing that they are entitled to relief. (*Ibid.*)

As our Supreme Court explained, "[w]hile the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 117[2.6] relief, the prima facie inquiry under subdivision (c)

3

is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citations.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*People v. Lewis*, *supra*, 11 Cal.5th at p. 971.)

Here, defendant complains there is no statutory "provision indicating that a jury's prior special circumstance true finding or a court of appeal's affirmation there of [*sic*], operates as an automatic statutory bar to eligibility." We understand this argument to challenge the use of a previous special circumstance finding to determine that defendant was ineligible for resentencing as a matter of law. However, this appeal is not from a determination that he was ineligible for relief as a matter of law. Rather, the trial court dismissed his petition as duplicative of two other petitions encompassing the same matter that were not final at the time of the People's motion.

Nonetheless, we highlight it is well-settled that a petition for resentencing may be denied at the prima facie stage where the record of conviction, such as jury instructions and associated findings, establishes a defendant's ineligibility for relief as a matter of law. (*People v. Curiel* (2023) 15 Cal.5th 433, 459-461; *People v. Lewis*, *supra*, 11 Cal.5th at p. 971.) As that determination is not before us, we have no cause to comment on whether defendant's record of conviction precludes his eligibility for relief.

4

DISPOSITION

The trial court's order dismissing defendant's section 1172.6 petition is affirmed.

_____
HULL, Acting P. J.

We concur:

_____
MAURO, J.

_____
KRAUSE, J.